## Follweiler *versus* Lutz.

1. Where an assignment for the benefit of creditors, conveying lands situated in more than one county, is duly recorded in the county where the assignor resides, but not elsewhere, and land in another county is sold at sheriff's sale under a judgment obtained against the assignor subsequent to the assignment, one who purchases at such sheriff's sale, having at the time actual knowledge of the prior assignment, takes no title, as against the assignee or those claiming under him.

2. A. made an assignment for the benefit of creditors, conveying, inter alia, a tract of land described as situated in Schuylkill county, a small portion of which was in fact in Lehigh county. In the assignment the grantor was described as residing in Schuylkill county. The assignment was recorded within thirty days, in Schuylkill county, but was never recorded in Lehigh county. The land was afterwards sold at sheriff's sale, as the property of the assignor, under a judgment recovered against him in Lehigh county subsequent to the assignment. In ejectment by the grantee of the assignee for creditors against the purchaser at said sheriff's sale, the court permitted the plaintiff to prove, under exception, that the defendant, at the time of the sheriff's sale, had actual notice of the prior assignment for creditors. There was some testimony that the assignor lived in Lehigh county, at the date of the assignment; but the court instructed the jury: "You need not concern yourselves about that : so far as it affected the assignment, for all practical purposes in the case, we take it for verity that he lived in Schuylkill county when the assignment was made."

*Held,* that (the portion of the charge just quoted not being assigned for error), there was no error in admitting evidence to show that the defendant purchased at the sheriff's sale with full knowledge of the plaintiff's title acquired from the assignee, and that the jury were therefore warranted in finding a verdict for the plaintiff.

March 9th 1883. Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett, Green and Clark, JJ.

Error to the Court of Common Pleas of *Lehigh county :* Of January Term 1883 No. 326.

Ejectment, brought December 6th 1881, by Michael Lutz and Mary Lutz, against Jesse Follweiler and Rebecca Follweiler, for a piece of land containing four acres, situate in Lynn township, Lehigh county.

On the trial, before Albright, P. J., title was admitted in David W. Follweiler prior to October 10th 1874. The plaintiff claimed under the following title :—

1874, October 10th, Deed of general assignment, David W. Follweiler and wife to Charles C. Frederitza, for the benefit of creditors of said David W. Follweiler, conveying, inter alia, a tract of land, described as situate in West Penn township, Schuylkill county, containing 195 acres and some perches, recorded October 12th 1874, in Schuylkill county. Not recorded in Lehigh county. The admission of this deed was objected to. Objection overruled. Exception.

Charles C. Frederitza, the assignee, died, and on December 30th 1878, Alvin F. Creitz was duly appointed assignee for benefit of creditors, in his stead, by the common pleas of Schuylkill county.

1879, June 9th, Deed, Alvin F. Creitz to Mary Handwerk for the tract in dispute, situate in Lehigh county, containing four acres. Mrs. Mary Handwerk married Michael Lutz, and is the plaintiff in this case.

The plaintiff presented testimony, showing that the 'four acres in dispute was part of the said 195 acre tract conveyed by David W. Follweiler and wife by the deed of assignment; that the line dividing Lehigh county from Schuylkill county ran through said tract, and that the four acre piece of land in dispute was in fact situated in Lehigh and not in Schuylkill county.

The defendant claimed under the following title :—October 1879. Judgment, C. P. of Lehigh county ; Jesse Follweiler *v.* David W. Follweiler, Sept. T. 1879, No. 400, for $1,400. Fi. fa. and vend. ex. thereon, under which the property in dispute was sold at sheriff's sale as the property of David W. Follweiler, to Mrs. Jesse Follweiler, the defendant, for $25, and a sheriff's deed executed to her therefor.

The defendant claimed that the deed of assignment of October 10th 1874, not having been recorded in the county of Lehigh, where the land in dispute was situated, and where the assignor lived, as claimed by defendant, said assignment was void as to the creditors of the assignor, and that said judgment, entered against David W. Follweiler in 1879, was a lien on the premises, and the defendant took a good title thereto under the sheriff's sale.

The plaintiff, in rebuttal, proved, under objection and exception, that the defendant Mrs. Follweiler, at and before the sheriff's sale, had actual notice and knowledge of the prior assignment for creditors, and of the sale of the premises by Creitz, assignee, to the plaintiff Mrs. Lutz.

The following is all the testimony relating to the residence of David W. Follweiler, at the date of the assignment :—

Jesse Follweiler (defendant), testified :

" When the assignment was made, David Follweiler lived in Lehigh county on this very place. I was not at home there, but was there when it happened, and so was my wife. The line does not touch the house, but the barn. There used to be a hotel there, and that used to get the license from Schuylkill county. The county surveyors of Schuylkill and Lehigh, Stout and Weiss, run the line, and that showed that it is in Lehigh."

On this point the court charged as follows :

[Follweiler v. Lutz.]

" I will say further that the question has been raised in your hearing, in the argument of counsel on both sides, as to whether David W. Follweiler lived in Schuylkill county at the time the assignment was made. You need not concern yourself about that. So far as it affected the assignment, for all practical purposes in this case, we take it for verity that he lived in Schuylkill county when the assignment was made. He so described himself in the deed, and the proceedings under that assignment were in the county of Schuylkill. When Frederitza was deceased, Mr. Creitz was appointed as assignee in his stead in that county. It will not therefore, do much good, and it might do much harm in this contest, and others that might arise, if the jury were left in doubt as to whether they were to consider whether this was an assignment made by a Schuylkill county or a Lehigh county man. It was an assignment made in Schuylkill county and was not recorded in Lehigh county."

The court further charged as follows :

" [The law provides that an assignment for the benefit of creditors must be recorded within thirty days after it has been executed, or it shall be null and void as against any of the creditors of the assignor. Outside of that provision of the law, there is another Act of Assembly which provides that a deed of conveyance must be recorded, or it is void as to subsequent mortgagees and grantees, as to them it is void if not recorded within six months. It appears that this deed of assignment from David W. Follweiler and wife to Frederitza, and under which Creitz as assignee had title, was recorded in the county of Schuylkill, but it was not recorded in the county of Lehigh, and therefore that deed of assignment and all the proceedings under it conveyed no title to Mrs. Lutz, the plaintiff, which can affect Mrs. Follweiler, the defendant, unless the plaintiff has proved something more. So far as the assignment is concerned, the deed which the assignee has, and the deed which Mrs. Lutz has from the assignee, the title is void, and your verdict must be against the plaintiff, unless the plaintiff has proven clearly and to your satisfaction that Mrs. Follweiler, at the time she purchased at sheriff's sale, knew of the assignment from David W. Follweiler to the assignee, and knew that the four acres which she purchased at sheriff's sale, were included in the tract described as containing 195 acres and odd perches in West Penn township.]    . . . .

" The object of the statute requiring that a deed shall be recorded in the county in which the land lies is to give notice. It is necessary that it should be so in order that parties, when they purchase, either from the owners themselves, or at a sheriff's sale, may be informed by the record, whether or not they shall invest their money. The object of placing

deeds on record is that notice may thus be furnished to all the world. . . . . The law says while an unrecorded deed is void, it is void only as to subsequent purchasers, who purchased innocently. If a deed is on record, it gives notice to the world that somebody else owns the land. But if one who is concerned in the matter, and who purchases, knows himself that the property has been sold to some one else by the same grantor, from whom he intends to buy, then he has all the knowledge which the record would give him. Therefore the law is, that as against one who purchases with such notice, an unrecorded deed is good and valid."

Verdict for the plaintiffs and judgment thereon. The defendants took this writ of error, assigning for error the admission of plaintiffs' evidence showing that the defendant, Mrs. Follweiler, had notice, at the time of her purchase at sheriff's sale, of the prior assignment and of the deed by the assignee to her; and that portion of the charge above quoted within brackets.

*Evan Holben*, for the plaintiffs in error.—We may admit, as matter of fact, that Mrs. Follweiler knew of the assignment, but we contend that that was irrelevant, because the assignment, being unrecorded in Lehigh county, where the assignor resided at its date, and where the land lay, was a nullity as to the assignor's creditor, under whose judgment she purchased at the sheriff's sale: Act of March 24th 1818, §85 (Purd. Dig.      ) ; Seal *v*. Cuffy, 4 Barr 280 ; Mitchell *v*. Gendell, 7 Phila. 107 ; Miller *v*. Lehman, 1 Phila. 404 ; Reigart's Appeal, 4 Barr 478 ; Weber *v*. Samuel, 7 Barr 499.

*Dewalt* (*Henninger* with him), for the defendants in error, cited Dougherty *v*. Darrach, 17 Pa. St. 399.

Chief Justice Mercur delivered the opinion of the court, March 26th 1883.

The Act of 24th March 1818, requires all voluntary assignments for the benefit of creditors to be recorded in the office for recording of deeds in the county in which *the assignor resides*, within thirty days after the execution thereof, otherwise it shall be considered null and void as against the creditors of the assignor. This effect is not necessarily given to the conveyance of lands, situate beyond the limits of the county in which the assignor resides. It is distinctly stated as a fact, in the charge of the court, and there is no error assigned thereto, that the assignor lived in the county of Schuylkill when the assignment was made. This land in contention was situate in the county of Lehigh, yet the jury have found that at the time of their purchase the plaintiffs in error had

Troxell's Appeal.

knowledge of the previous conveyance of the land by the assignor. They were not then purchasers of a title which can prevail against the one which passed under the assignment: Dougherty *v.* Darrach, 3 Harris 399. We see nothing in the record giving the plaintiff just cause of complaint.

Judgment affirmed.