**UNITED STATES of America on Behalf of its Agency the SMALL BUSINESS ADMINISTRATION**

v.

**NEWTON LAKE ESTATES, INC.**

**Civ. No. 78–108.**

United States District Court, M. D. Pennsylvania.

Dec. 7, 1979.

James W. Walker, Asst. U. S. Atty., Scranton, Pa., for plaintiff.

James Zipay, Eynon, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Defendant, Newton Lake Estates, Inc. (Newton), purchased certain machinery and equipment at a Lackawanna County Sheriff's sale which was held pursuant to a writ of execution obtained by Dreisbach Specialties, Inc. (Dreisbach) against Healy Shopwell, Inc. (Healy). The issue before the court is whether the Sheriff's sale divested the government's security interest in the property sold. The court concludes that the government's security interest was not divested and plaintiff will be granted summary judgment.

The Stipulation of Facts filed in this case states that on February 4, 1977, the Small Business Administration (SBA) loaned $15,-000 to Healy secured by a Security Agreement in favor of SBA covering all equip-

ment and machinery owned or later acquired by Healy. The SBA duly filed a sufficient financing statement in the office of the Prothonotary of Lackawanna County and the Pennsylvania Department of State and the security interest was perfected on February 4, 1977. On September 9, 1977, Lackawanna County District Justice of the Peace Thomas M. Hart issued an order to the Lackawanna County Sheriff to execute upon all property of Healy based upon a default judgment in the amount of $1,239.40, entered November 17, 1976, in favor of Dreisbach and against Healy by a District Justice of the Peace in Lancaster County, Pa. The execution sale was conducted November 9, 1977, and defendant Newton purchased certain equipment of Healy for a consideration of $1,301.00. The parties concede that the SBA had a perfected security interest but that defendant Newton had no actual knowledge of its existence at the time of the sale.

Under the common law, a purchaser at a sheriff's sale took free of preexisting creditor rights barring actual or constructive notice. *Follweiler v. Lutz*, 102 Pa. 585 (1883). This rule has been modified in recent times.[1] Such conflicting claims are presently resolved by the terms of the Uniform Commercial Code (U.C.C.). *Mazer v. Williams Brothers Company*, 461 Pa. 587, 592, 337 A.2d 559 (1975). *See also Bloom v. Hilty*, 427 Pa. 463, 470–71, 234 A.2d 860 (1967).

Article 9 of the U.C.C. contains the relevant provisions. According to 12A P.S. § 9–312(1), a perfected security interest will become subordinate to the rights of a buyer if either subsection of 12A P.S. § 9–307 is satisfied. Nonetheless, neither provision applies to this case. Newton could only qualify under subsection (1) by conforming to the definition of "buyer in the ordinary course of business." The latter term "means a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security

---

1. It should be noted that the plaintiff would prevail under the common law rule. As *Follweiler* explained in the real property context, a valid public filing in the county of the sheriff's sale suffices as constructive notice to the buyer of the creditor's interest.

interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind but does not include a pawnbroker." 12A P.S. § 1–201(9). A sheriff's sale, however, is by its nature "outside the regular course of trade." *Mazer v. Williams Brothers Company*, 461 Pa. at 594, 337 A.2d at 563.[2] Therefore, the initial subsection offers no assistance to the defendant. The terms of 12A P.S. § 9–307(2) also fail to support Newton Lake. The latter provision, which solely concerns consumer goods and certain types of farm equipment, is irrelevant to the instant litigation. *See* 12A P.S. § 9–109. Consequently, inasmuch as Newton does not fit within the subsection, the security interest takes priority and is not divested.

The defendant contends that state policy favors a high volume of economic turnover and thus calls for divestiture of perfected security interests such as that held by the plaintiff. This hypothesis reasons that insulation of sheriff sale buyers from the claims of previous creditors will encourage bidding. In *Mazer*, nevertheless, the Pennsylvania Supreme Court rejected this argument with regard to judicial auctions. The majority explained that "protection from adverse claims performs this salutory function [i. e., stimulation of trade] only with respect to the regular and ordinary operation of the market . . ." 461 Pa. at 594, 337 A.2d at 563. As has been noted, the *Mazer* case also described sheriff's sales as "outside the regular course of trade." *Id.* Accordingly, the Government's motion for summary judgment shall be granted.

---

2. *See also* Official Comment 5 to 12A P.S. § 2–312.